UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ROW SMITH et al., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AGCREDIT, FLCA, et al., <br><br> Defendants. | No. 1:25-cv-01397-KES-SKO <br><br> ORDER GRANTING TEMPORARY RESTRAINING ORDER <br><br> (Doc. 4) |

Plaintiffs Robert Row Smith and Diana Veronica Smith move ex parte for a temporary restraining order seeking injunctive relief to enjoin defendants American AgCredit, FLCA ("AgCredit") and Total Lender Solutions ("TLS") from selling, transferring, encumbering, or otherwise taking any action to disturb plaintiffs possession or title of the property located at 14625 Le Grand Road, Le Grand Area, CA 95333 ("Property").

October 20, 2025, plaintiffs filed a complaint in this Court, alleging causes of action for (1) violation of California Civil Code § 2924 *et seq*; (2) wrongful foreclosure; (3) breach of the covenant of good faith and fair dealing; (4) violation of 12 U.S.C. § 2605; (5) violation of the Business & Professions Code § 17200; (6) cancellation of instruments; and (7) declaratory relief. Doc. 1. The same day, plaintiffs filed an ex parte application for temporary restraining order, arguing that they were entitled to injunctive relief to prevent the trustee's sale of their Property set

1  for October 22, 2025, because defendants failed to comply with various statutory obligations.
2  Doc. 4.
3       The Court finds that the requirements for issuing a temporary restraining order without
4  notice are met. *See* Fed. R. Civ. P. 65(b). Plaintiffs notified defendants on October 20, 2025, by
5  email to various email addresses for AgCredit and TLS, that they would seek ex parte relief to
6  enjoin the trustee's sale. *See* Doc. 4-1. While defendants have not appeared or filed a response,
7  plaintiffs have set out specific facts demonstrating that immediate and irreparable injury, loss, or
8  damage may result before defendants can be heard in opposition.

9  **I.     Background**

10      On August 18, 2022, plaintiffs obtained a loan against the Property and executed a Deed
11 of Trust that listed AgCredit as trustee and beneficiary. Doc. 4-2; *see also* Smith Decl. ¶ 3.
12 AgCredit substituted TLS as trustee of the deed of trust and recorded that document with the
13 Merced County recorder's office. Smith Decl. ¶ 4. On June 5, 2025, a notice of default and
14 election to sell was recorded, which plaintiffs allege contains an inaccurate default amount of
15 $216,991.57. *Id.* ¶ 5. Plaintiffs further contend that TLS did not mail the notice of default to
16 plaintiffs until July 3, 2025, and that plaintiffs received the notice of default only on or around
17 August 22, 2025. *Id*. Additionally, a review of the documents reveals that the assessor's parcel
18 number ("APN") listed on the notice of default is different from the APN listed on the deed of
19 trust. *Id*. A notice of trustee's sale was recorded on September 12, 2025, setting a sale date of
20 October 22, 2025, at 12:30 p.m. *Id.* ¶ 6. The APN listed in the notice of trustee's sale is also
21 different than the APN listed in the deed of trust. *Id.*

22      Plaintiffs also represent that, prior to the government shutdown on October 1, 2025, they
23 were coordinating with the Farm Service Agency ("FSA") at the U.S. Department of Agriculture
24 for new financing to avoid foreclosure. *Id*. ¶ 7. Plaintiffs represent that they informed AgCredit
25 that they had established a feasible plan to resolve the matter and were actively working with the
26 FSA to finalize the process, and they requested that the scheduled foreclosure sale be postponed
27 due to the federal government shutdown. *Id.* ¶ 9. On September 29, 2025, plaintiffs requested
28 various documents from AgCredit, but they did not receive the requested documents from

1  AgCredit. *Id*. ¶ 8. AgCredit declined to postpone the foreclosure sale, which is scheduled for
2  October 22, 2025, at 12:30 p.m. *Id*.

## II.     Legal Standard

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## III.    Discussion

### a.    Plaintiffs are Likely to Succeed on the Merits

Plaintiffs allege that defendants violated various statutory provisions and that such violations entitle them to injunctive relief. For example, plaintiffs argue that defendants failed to timely mail the notice of default as required by California Civil Code Section 2924b. California Civil Code Section 2924b(b) provides, in part, that a mortgagee, trustee or other person authorized to record the notice of default must:

3

> Within 10 business days following recordation of the notice of default, deposit or cause to be deposited in the United States mail an envelope, sent by registered or certified mail with postage prepaid, containing a copy of the notice with the recording date shown thereon, addressed to each person whose name and address are set forth in a duly recorded request therefor, directed to the address designated in the request and to each trustor or mortgagor at his or her last known address if different than the address specified in the deed of trust or mortgage with power of sale.

Cal. Civ. Code § 2924b(b)(1).

Plaintiffs assert that, although the notice of default was recorded on June 5, 2025, defendants did not mail the notice of default until July 3, 2025, well past the required 10 business days to mail the notice to the plaintiffs. Plaintiffs' declaration shows that they were not provided with notice of the recordation of the notice of default within the prescribed statutory period. On this record, the plaintiffs are likely to succeed on their claim that defendants violated California Civil Code Section 2924b(b)(1).

### b. Plaintiffs Will Face Irreparable Harm Without Injunctive Relief

The loss of the plaintiffs' Property via a foreclosure sale constitutes an immediate and irreparable harm. *See Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-CV-00899 AWI, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) (finding that the loss of plaintiff's residence was sufficient to satisfy the irreparable harm *Winters* factor).

### c. Balance of Equities

The balance of equities favors the plaintiffs. Defendants' interests are secured by the deed of trust and further briefing will allow defendants to provide evidence before any preliminary injunction is issued in this action. Allowing the foreclosure sale to take place would change the remedies available to plaintiffs, *see Morris v. JPMorgan Chase Bank, N.A.*, 78 Cal. App. 5th 279, 315, 293 (2022), and maintaining the status quo by a short postponement of the trustee's sale until the Court can fully hear the parties is appropriate.

### d. Public Interest

The public interest also weighs in plaintiffs' favor. The public has an interest in regulating foreclosure proceedings. Moreover, allowing a foreclosure sale to proceed could harm third parties, including a bona fide purchaser who risks having the purchase of the sale set aside

or incurring expense to protect their interest in the Property.

**IV.     Conclusion and Order**

The Court finds that the requirements for issuing a temporary restraining order are met. Plaintiffs' ex parte application for temporary restraining order, Doc. 4, is GRANTED. Defendants are restrained and enjoined until November 4, 2025 from selling, transferring, encumbering, or otherwise taking any action to disturb plaintiffs' possession or title to the Property.

Defendants are ORDERED TO SHOW CAUSE before this Court why a preliminary injunction should not issue pending a final disposition of this matter.  The hearing on the order to show cause will be held on November 3, 2025, at 11:30 a.m. in Courtroom 6.[1]  Defendants shall file any response to plaintiffs' motion by October 28, 2025.  Plaintiffs may file a reply by October 31, 2025.  The parties may stipulate to extend the briefing schedule and hearing date, provided that this temporary restraining order will remain in effect pending any such continuance.

Plaintiffs' counsel is ordered to serve a copy of this order promptly on defendants and to file a proof of service on the docket by October 22, 2025.

Dated and signed:  October 21, 2025, at 6:13 p.m.

IT IS SO ORDERED.

Dated:    October 21, 2025

UNITED STATES DISTRICT JUDGE

---

[1] Counsel requesting to appear at the hearing by video appearance shall contact the courtroom deputy at least 24 hours prior to the hearing.

5